UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAMIDELE HAMBOLU, et al.,

Plaintiffs,

v.

FORTRESS INVESTMENT GROUP, et al.,

Defendants.

Case No. 17-cv-01039-JSC (EMC)

**ORDER RE PREFILING REVIEW**

Plaintiffs Lynn Gavin and Bamidele Hambolu (mother and son, respectively) initially filed the instant putative class action in the Central District of California. *See* Docket No. 1 (complaint).[1] Plaintiffs, proceeding pro se, applied to proceed in forma pauperis ("IFP"). *See* Docket Nos. 2-3 (IFP application). In February 2017, the Central District court transferred the action to this District. *See* Docket No. 9 (Order at 2). In its transfer order, the Central District court took note, *inter alia*, of an order from this Court finding Ms. Gavin to be a vexatious litigant. *See id*. (citing *Gavin v. City & County of San Francisco*, No. 15-CV-05202-EMC, 2016 WL 126937, at *5 (N.D. Cal. Jan. 12, 2016)).

Upon transfer to this District, the assigned judge, Judge Corley, referred the case to the undersigned (acting as General Duty Judge) for a pre-filing review based on Ms. Gavin's status as a vexatious litigant. Having reviewed the complaint in this action, as well as the record of other cases involving Ms. Gavin and Mr. Hambolu, the Court hereby rules as follows. As to Ms. Gavin, her claims for relief are barred as they fall within the scope of the pre-filing review order.

---

[1] The name Ibukun Hambolu also shows up in the caption of the complaint as a named plaintiff, but it appears that she is not in fact a plaintiff in this case. Her name was crossed out in the caption (apparently, by Ms. Gavin as reflected by the handwritten "LG" initials), and, unlike Ms. Gavin and Mr. Hambolu, Ms. Hambolu did not sign the complaint.

With respect to Mr. Hambolu, who is a co-plaintiff in this case, the Court orders the Clerk of the Court to reassign the entirety of the case, including Mr. Hambolu's claims, to the undersigned. The Court grants Mr. Hambolu's IFP application but dismisses his claims with prejudice and further orders Mr. Hambolu to show cause as to why he should not be deemed a vexatious litigant subject to the same pre-filing review requirement as his mother.

## I. PRE-FILING REVIEW WIH RESPECT TO MS. GAVIN

Pursuant to the vexatious litigant order, Ms. Gavin "must obtain leave of court before filing any further suits based on her allegations that she was wrongfully evicted from the Parkmerced apartments in 2012." *See Gavin*, 2016 WL 126937, at *5.

Despite the fact that Ms. Gavin now files this case as a putative class action, there is significant overlap in operative facts between this complaint and her previous eleven complaints alleging wrongful eviction from the Parkmerced apartments in 2012. Specifically, in the pending suit, Ms. Gavin complains of conduct by Defendants Parkmerced Investors Properties, LLC, Parkmerced investors, and a third-party billing service company called American Utility Services for their role in Parkmerced's practice of providing and filing allegedly improper eviction notices due to usurious utility fees against Plaintiffs and other members of the putative class. *See* Docket No. 1 (Compl. ¶¶ 2-6, 14). Ms. Gavin alleges, *inter alia*, that Defendants engaged in practices that violate the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692(e), and that constitute wrongful eviction.[2] Since this case arises from Ms. Gavin's Parkmerced eviction in 2012,[3] this case falls squarely within this Court's previous pre-filing review order barring Ms. Gavin from filing any further suits based on her alleged wrongful eviction from Parkmerced apartments. *See Gavin*, 2016 WL 126937, at *5. Thus, Ms. Gavin is barred from filing suit.

---

[2] Plaintiffs also allege violations of the Rosenthal Fair Debt Collection Practices Act, *see* Cal. Civ. Code §§ 1788-1788.32; the Unfair Competition Law, *see* Cal. Bus. & Prof. Code § 17200; fraud; fraudulent concealment; deprivation of civil rights under 42 U.S.C. § 1983 and Title VIII of the 1968 Civil Rights Act; breach of contract; emotional distress; and negligence.

[3] The complaint does not allege exactly when Plaintiffs were evicted, but notes that Defendants sent the FDCPA-violating eviction notices in August through October 2011. *See* Compl. ¶¶ 60-62.

2

## II. **MR. HAMBOLU'S IN FORMA PAUPERIS APPLICATION**

Since Ms. Gavin is barred from filing this suit, only Mr. Hambolu remains as a named plaintiff in this putative class action. The Court now considers Mr. Hambolu's IFP application.

When presented with an IFP application, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339). In his IFP application, Mr. Hambolu states that he is currently unemployed; does not own any valuable property, including a car or real estate; does not own any cash; and does not have any money in a bank account. *See* Docket No. 3 (IFP application). Given this information, Mr. Hambolu's application to proceed IFP is hereby granted.

However, because the Court is granting Mr. Hambolu's IFP application, it must now review his claims pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, a court is required to dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In the instant case, the Court finds that dismissal of Mr. Hambolu's federal claims is warranted because he has failed to state a claim for relief and/or the claims are precluded by res judicata.

As indicated above, Mr. Hambolu has asserted the following federal claims: violation of the FDCPA, violation of § 1983, and violation of Title VIII of the 1968 Civil Rights Act (*i.e.*, the Fair Housing Act ("FHA")). Mr. Hambolu has failed to state a claim for a FDCPA violation because it is barred by the statute of limitations. A claim made pursuant to the FDCPA must be filed within one year from the date on which the alleged FDCPA violation could have been discovered. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter [of the FDCPA] may be brought . . . within one year from the date on which the violation occurs."); *Mangum v. Action Collection Serv.*, Inc., 575 F.3d 935, 939 (9th Cir. 2009) ("A limitations period begins to run when the plaintiff knows or has reason to know of the injury

3

which is the basis of the action."). The gist of Mr. Hambolu's FDCPA claim is that Defendants issued flawed eviction notices that, *inter alia*, failed to disclose that the named Plaintiffs were subsidized tenants. Generously reading Mr. Hambolu's litigation history here, the first time Mr. Hambolu had reason to know of the alleged FDCPA violations was at least November 14, 2014, when Mr. Hambolu filed a complaint in which he alleged that he was wrongfully evicted from the Parkmerced apartments due to defective eviction notices that failed to disclose that he and his family were subsidized tenants. *See Gavin v. FCOF PM EQ LLC*, No. 14-4582-RS (Docket No. 1) (Compl. ¶¶ 178-80). However, at the time, Mr. Hambolu did not allege a FDCPA violation and the action was dismissed with prejudice for failure to prosecute after Mr. Hambolu and his mother failed to amend their complaint as instructed by the court. *See id.* (Docket No. 14) (order). Since it is long past the one-year statute of limitations, Mr. Hambolu's FDCPA claim is time barred.

As for the § 1983 claim, such a claim exists only against state actors; Mr. Hambolu has sued only private individuals and companies and therefore he has failed to state a claim for relief. While there are certain circumstances where a private actor's conduct may be deemed state action for purposes of § 1983, *see Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("recogniz[ing] at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus'"), Mr. Hambolu has made no allegations that would implicate state action here. Moreover, it is implausible that Mr. Hambolu could implicate state action because "detailed regulation of and substantial funding for private actors are not sufficient to transform the party's conduct into state action." *Jensen v. Lane Cty.*, 222 F.3d 570, 575 (9th Cir. 2000) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982)).

Finally, as to the FHA claim, Mr. Hambolu alleges that Defendant Parkmerced's eviction notices disparately impact subsidized tenants and people of color in violation of the FHA. *See* Docket No. 1 (Compl. ¶¶ 161-62). In addition to a potential time-bar defense (*i.e.*, 42 U.S.C. § 3613 provides for a two-year statute of limitations for FHA claims), there are serious deficiencies in Mr. Hambolu's pleading since subsidized tenants are not a protected class under the FHA and conclusory claims of racial imbalance are insufficient to establish a prima facie case of disparate treatment. *See Texas Dep't of Housing & Community Affairs v. Inclusive*

*Communities Project, Inc.*, 135 S. Ct. 2507, 2523 (2015) ("Racial imbalance . . . does not, without more, establish a prima facie case of disparate impact.") (internal quotes and citations omitted). Mr. Hambolu fails to cite specific facts supporting this claim.

Even if Mr. Hambolu had adequately stated a claim for relief for any of his federal claims, each of the federal claims is subject to dismissal for an independent reason. More specifically, the claims are precluded under the doctrine of res judicata. Under this doctrine, "[a] final judgment on the merits of the action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Knox v. Donahoe*, No. C-11-cv-2596-EMC, 2012 U.S. Dist. LEXIS 37719, at *3 (N.D. Cal. Mar. 20, 2012) (internal quotation marks omitted). Res judicata thus applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *See id.* All three factors are met in the instant case, as discussed below.

The first factor is satisfied because there is a sufficient identity of claims between this complaint and Mr. Hambolu's previous seven complaints for purposes of res judicata: all of them arise from the same operative facts, namely, Mr. Hambolu's eviction from the Parkmerced apartments in 2012. *See* Ex. A (listing cases); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (stating that "[i]dentity of claims exists when two suits arise from the same transactional nucleus of facts") (internal quotation marks omitted). Although his FDCPA claim was never previously pleaded, "newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding." *Id.*

The second factor (final adjudication on the merits) and third factor (privity between parties) are also satisfied because Mr. Hambolu has brought suit against all of the named defendants[4] and these suits were dismissed – with prejudice – for failure to state a claim and failure to prosecute, which are both considered a final judgment on the merits. *See Gavin v. FCOF PM EQ, LLC*, No. 14-4582-RS, Docket No. 15 (order) (dismissing with prejudice for

---

[4] Although Laurence Gluck was not listed as a defendant in the case caption of any complaint, he is named as a defendant in the body of one of Mr. Hambolu's complaints. *See Gavin v. FCOF PM EQ, LLC*, No. 14-4582-RS, Docket No. 1 (Compl. ¶ 103) (identifying Mr. Gluck as a defendant and providing his mailing address).

5

failure to prosecute after Plaintiffs failed to file an amended complaint); *Hambolu v. PCOF PM EQ, LLC*, No. 15-cv-2780-RS, Docket No. 23 (order) (dismissing with prejudice for failure to state a claim on which relief may be granted and noting futility of providing Plaintiffs leave to amend given repeated missed opportunities to amend deficient pleadings); *see also* Fed. R. Civ. P. 41 (providing that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . a dismissal under this subdivision . . . operates as an adjudication on the merits").

For the foregoing reasons, the Court dismisses Mr. Hambolu's federal claims, and with prejudice. While pro se litigants are generally given the opportunity to amend deficient pleadings, leave may be denied where amendment would be futile. Mr. Hambolu has failed to state a claim for relief and it would either be futile or likely futile for Mr. Hambolu to try to cure the above deficiencies.

This leaves only Mr. Hambolu's state law claims for resolution. Here, Mr. Hambolu has made no assertion of diversity jurisdiction. Thus, the only basis for the Court to exercise jurisdiction over the state law claims is supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over a state claim if the court has dismissed all claims over which it has original jurisdiction. Here, because the Court has dismissed all of Mr. Hambolu's federal claims, the Court declines to exercise supplemental jurisdiction over Mr. Hambolu's state claims.

In sum, with respect to Mr. Hambolu's claims for relief, the Court allows him to proceed IFP but dismisses his federal claims with prejudice pursuant to its § 1915(e)(2)(B) review and declines to exercise supplemental jurisdiction over the state law claims.

## III. ORDER TO SHOW CAUSE

Finally, the Court takes this opportunity to address whether Mr. Hambolu, like his mother, should be declared a vexatious litigant and subject to the same pre-filing review requirement – *i.e.*, whether he, like Ms. Gavin, "must obtain leave of court before filing any further suits based on [any] allegations that [he or his mother] was wrongfully evicted from the Parkmerced apartments in 2012." *See Gavin v. City & County of San Francisco,* No. 15-CV-05202-EMC at *5.

When a litigant has filed numerous harassing or frivolous lawsuits, courts have the power

6

to declare him a vexatious litigant and enter an order requiring that any future complaints be subject to an initial review before they are filed. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). District courts have the power to enter pre-filing orders against vexatious litigants under the All Writs Act. *See* 28 U.S.C. § 1651(a); *see Molski*, 500 F.3d at 1057. While "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts," *id.*, they are sometimes appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In *De Long*, the Ninth Circuit set out the requirements for entering pre-filing orders against vexatious litigants. *See id.* at 1147-48. First, the litigant must be given notice and an opportunity to be heard before the order is entered. *See id*. at 1147. Second, the Court must compile an adequate record for review, including a list of all cases and motions leading to the conclusion that the individual is a vexatious litigant. *See id*. Third, the Court must make substantive findings that the litigant's filings are frivolous or harassing. *See id*. at 1148. Finally, the pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered." *See id.*

Since 2014, Mr. Hambolu has filed seven similar lawsuits in this district based on his eviction from Parkmerced apartments in 2012, including this case.[5] These lawsuits and their outcomes are listed as Exhibit A hereto. As mentioned above, each of the cases has been dismissed, including multiple dismissals for failure to prosecute and a dismissal for failure to state a claim. Pursuant to the first *DeLong* requirement, Mr. Hambolu is hereby ordered to show cause as to why he should not be declared a vexatious litigant and have a pre-filing order entered against him – more specifically, the same pre-filing order to which his mother is currently subject. Mr. Hambolu's response to this order to show cause shall be filed within two weeks of the date of this

---

[5] Ms. Gavin and Mr. Hambolu also filed an eighth action in California state court that was later removed to the Northern District of California. *See Gavin v. San Francisco Housing Authority*, No. 16-cv-04974-YGR (N.D. Cal. Aug. 30, 2016) (Docket No. 1).

order. If the Court does not receive a timely response, then it shall deem Mr. Hambolu a vexatious litigant and he must obtain leave of court before filing any further suits based on any allegations that he or his mother was wrongfully evicted from the Parkmerced apartments in 2012.

## IV. **CONCLUSION**

For the foregoing reasons, the Court finds Ms. Gavin's claims barred by the pre-filing order. The Court also grants Mr. Hambolu's IFP application but, pursuant to its § 1915(e) review, it dismisses with prejudice his federal claims and declines to exercise supplemental jurisdiction over his state claims. The Clerk of the Court is directed to enter judgment in accordance with the above and close the file in this case.

**Furthermore, Mr. Hambolu is ordered to show cause as to why he should not be declared a vexatious litigant. His response must be filed within two weeks of the date of this order. If no timely response is filed, the Court shall declare him a vexatious litigant subject to the same pre-filing requirement as his mother.**

**IT IS SO ORDERED**.

Dated: April 19, 2017

_____
EDWARD M. CHEN
United States District Judge