UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAMIDELE HAMBOLU, et al., <br> Plaintiffs, <br> v. <br> FORTRESS INVESTMENT GROUP, et al., <br> Defendants. | Case No. 17-cv-01039-EMC <br><br> **ORDER DECLARING BAMIDELE HAMBOLU A VEXATIOUS LITIGANT** |

Plaintiffs Bamidele Hambolu and his mother, Lynn Gavin, initiated this putative class action in the Central District of California, *see* Docket No. 1 (Complaint), but it was subsequently transferred to this District. *See* Docket No. 9 (Order at 2). On April 19, 2017, the Court issued an order in which it barred Ms. Gavin from asserting her claims because they were, in effect, the same as those that had led Ms. Gavin to being declared a vexatious litigant and subject to a prefiling review. *See* Docket No. 16 (Order at 8). In the same order, the Court granted Mr. Hambolu's application to proceed in forma pauperis but dismissed his federal claims with prejudice and declined to exercise supplemental jurisdiction over his state claims. *See* Docket No. 16 (Order at 8). The Court also ordered Mr. Hambolu to show cause as to why he should not be declared a vexatious litigant subject to the same prefiling order to which Ms. Gavin is currently subject. *See* Docket No. 16 (Order at 7).

Mr. Hambolu has failed to timely respond to the Court's order to show cause ("OSC"). Based on the lack of an opposition, and for the reasons discussed below, the Court hereby **DECLARES** Mr. Hambolu a vexatious litigant. Future pleadings that Mr. Hambolu files shall be subject to a prefiling review by the general duty judge for this District, the terms of which are specified in this order below.

## I. FACTUAL & PROCEDURAL BACKGROUND

The instant action is the seventh in a series of suits filed by Mr. Hambolu and his mother, Ms. Gavin, in this District. Each of these suits alleges that Mr. Hambolu and his mother were wrongfully evicted from the Parkmerced apartments in 2012, after the family failed to pay allegedly usurious utility bills.[1] Compl. ¶ 14, 49; *see also* Docket No. 16 (Ex. A) (listing cases). Plaintiffs' cases have been dismissed on various grounds, including failure to prosecute and failure to state a viable claim for relief. *See id*.

In January 2016, this Court issued an order in one of the earlier cases in which it declared Ms. Gavin a vexatious litigant and thus imposed a prefiling requirement. *See Gavin v. City & County of San Francisco*, No. 15-CV-05202-EMC, 2016 WL 126937, at *5 (N.D. Cal. Jan. 12, 2016). But even after this order, Ms. Gavin – along with Mr. Hambolu – continued to file suits related to their eviction from the Parkmerced apartments, including the instant action.

As noted above, in the instant case, this Court barred Ms. Gavin from proceeding with her claims based on its prefiling review. The Court also dismissed Mr. Hambolu's claims and further issued an order to show cause ("OSC") to Mr. Hambolu as to why he should not be declared a vexatious litigant.

## II. DISCUSSION

A. Legal Standard

District courts have the inherent power to enter prefiling orders against vexatious litigants under the All Writs Act. *See* 28 U.S.C. § 1651(a) (providing that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (stating that "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants"). The Ninth Circuit has cautioned, however, that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due

---

[1] In addition to these seven suits, Ms. Gavin has individually filed five suits based on her eviction from Parkmerced apartments.

2

process right of access to the courts." *Id*. Nevertheless, such prefiling orders are sometimes appropriate because "[f]lagrant abuse of the judicial power . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

B.  *De Long* Factors

In *De Long*, the Ninth Circuit set forth the requirements for entering prefiling orders against vexatious litigants:

1.  The litigant must be given notice and opportunity to be heard before the order is entered, *see id.* at 1147;

2.  The court must compile an adequate record for review, including a list of all cases and motions leading to the conclusion that an individual is a vexatious litigant, *see id.* at 1147-48;

3.  The court must make substantive findings that the litigant's filings are frivolous or harassing, *see id.* at 1148; and

4.  The pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered." *Id.*

1.  Notice and Opportunity to be Heard

The first *De Long* factor simply requires that the litigant be given an opportunity to oppose the order before it is entered. *See id.* at 1147. Oral argument is not required. *See, e.g.*, *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 U.S. Dist. LEXIS 171421, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard; the opportunity to brief the issue fully satisfies due process requirements.") (internal quotation marks omitted); *Fiechtner v. Young*, No. CV 13-9-M-DLC, JCL, 2013 U.S. Dist. LEXIS 31086, at *3 (D. Mont. Feb. 6, 2013) ("An opportunity to be heard is satisfied by providing an opportunity to file a brief, and does not necessarily require an oral or evidentiary hearing in court."), *report and recommendation adopted by* 2012 U.S. Dist. LEXIS 31158 (D. Mont. Mar. 4, 2013); *see also Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) ("The notice and opportunity requirement does not, however, require an in-person hearing in the district court.").

The Court finds that the first *De Long* factor has been met because the Court issued an

3

OSC, and Mr. Hambolu had an opportunity to file a written opposition. *See Martin v. Redwood City Dental Care*, Case No. 15-cv-3151-JST, 2015 U.S. Dist. LEXIS 173275, at *3-4 (N.D. Cal. Dec. 29, 2015) (finding that plaintiff was given an opportunity to be heard despite not responding to the OSC or appearing at the hearing); *Adams v. Currie*, No. EDCV 14-1838 PSG (SS), 2015 U.S. Dist. LEXIS 100684, at *14 (C.D. Cal. July 6, 2015) (same), *report and recommendation adopted by* 2015 U.S. Dist. LEXIS 100617, at *1-2 (C.D. Cal. July 30, 2015).

### 2. Adequate Record for Review

The second factor is merely procedural. *See De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."). It requires only that the court compile a list of actions and filings by the litigant. *See, e.g.*, *Hurt v. All Sweepstakes Contests*, No. C-12-4187-EMC, 2013 U.S. Dist. LEXIS 4802, at *5 (N.D. Cal. Jan. 11, 2013) (finding the second *De Long* factor met where the court "compiled a list of all the actions Plaintiff filed"). This factor is met here as the Court has listed and discussed each of the seven actions that Mr. Hambolu has filed. *See* Docket No. 16 (Ex. A).

### 3. Frivolous or Harassing Filings

The third factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness or harassing nature of the litigant's claims. *De Long*, 912 F.2d at 1148; *see also Molski*, 500 F.3d at 1059 (stating that "[a]n injunction cannot issue merely upon a showing of litigiousness").

In considering the third *De Long* factor – as well as the fourth (*i.e.*, narrow tailoring of the vexatious litigant order) – the Ninth Circuit has found the following considerations helpful, as outlined by the Second Circuit in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986):

> "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

4

> whether other sanctions would be adequate to protect the courts and other parties."

*Molski*, 500 F.3d at 1058 (citing *Safir*, 792 F.2d at 24); *see also Boustred v. Gov't*, No. C-08-00546 RMW, 2008 U.S. Dist. LEXIS 111090, at *2-4 (N.D. Cal. Sept. 17, 2008) (considering all five *Safir* factors). These considerations lead the Court to the following conclusions.

First, because Mr. Hambolu is a self-represented litigant, the Court treads carefully in considering whether and how to fashion an appropriate prefiling order. *See De Long*, 912 F.2d at 1147 (noting use of prefiling orders to curb access to courts should be done with care where a pro se litigant is involved yet recognizing the courts are also free to enjoin litigants with "abusive and lengthy histories").

Second, while the number of filings (seven) itself does not establish Mr. Hambolu as vexatious per se, the duplicative and harassing nature of his filings do. The Court is not presented here with a plaintiff who is filing the same *type* of action over and over again. *See In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) ("[T]he district court should be careful not to conclude that particular types of actions filed repetitiously, *i.e.*, FOIA actions, in and of themselves warrant a finding of harassment. Instead, the district court should attempt to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court."). Rather, the plaintiff is filing the same *factual* case over and over again. The different lawsuits filed by Mr. Hambolu may have different legal theories but the legal theories are all based on the same set of facts – *i.e.*, his family's allegedly wrongful eviction from the Parkmerced apartments in 2012 because of his family's failure to pay allegedly usurious utility bills.

In fact, it was this circumstance that led the Court to conclude that the case at bar should be dismissed based on claim preclusion, *i.e.*, res judicata. *See* Docket No. 16 (Order at 5-6). Notably, one of the purposes underlying the doctrine is res judicata is the need to protect against vexatious litigation. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) (noting that "[r]es judicata ensures the finality of decisions" and that it "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes").

Because Mr. Hambolu is bringing the same factual case again and again, in spite of repeated dismissals by a court, he is filing not only duplicative lawsuits but also, necessarily,

5

frivolous and harassing ones. In this respect, it is worth emphasizing that, in several cases, Mr. Hambolu was given an opportunity to amend his complaint but he failed to do so, which eventually resulted in the dismissal of his case for failure to prosecute. Rather than accept the consequences of his failure to litigate, Mr. Hambolu would simply file another lawsuit.[2] Given the above circumstances, a declaration of vexatiousness is particularly appropriate. *See Broemer v. Bush*, No. CV 10-05193 MMM (RZX), 2014 U.S. Dist. LEXIS 190424, at *23 (C.D. Cal. Feb. 6, 2014) (stating that, "[i]f a litigant has a pattern of vexatious or harassing litigation, especially in derogation of the doctrine of res judicata, a district court has authority under 28 U.S.C. § 1651 to enter an order sua sponte enjoining the litigant from filing papers without obtaining leave of court"); *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (upholding district court's injunction of future litigation on any cause of action arising from the fact situation at issue in the case; noting that "[s]uch orders are generally unnecessary, as res judicata and collateral estoppel are usually more than adequate to protect defendants against repetitious litigation" but finding injunction was not an abuse of discretion because plaintiff had "forced defendants in and out of court for almost five years and has had a full opportunity to present and litigate his claims"); *Martin v. Redwood City Dental Care*, No. 15-CV-03151-JST, 2015 WL 9489898, at *5 (N.D. Cal. Dec. 29, 2015) ("find[ing] that Martin's conduct is harassing because she has continued to file frivolous lawsuits against various defendants despite the fact that many, if not most, of her previous complaints have been screened for failure to state a legally cognizable federal claims"); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 U.S. Dist. LEXIS 29989, at *27, 29 (N.D. Cal. Mar. 10, 2015) (stating that "[t]he first [*Safir*] factor weighs heavily in favor of declaring Plaintiff vexatious" because "Plaintiff has filed at least eight lawsuits aimed at delaying nonjudicial foreclosure proceedings on the two properties he owns in Saratoga,

---

[2] *See, e.g.*, *Gavin et al. v. FCOF PM EQ LLC et al.*, No. 14-cv-4582-RS (N.D. Cal. Jan. 21, 2015) (dismissed with prejudice for failure to prosecute, noting that "Plaintiffs were advised to file an amended complaint or complaints no later than December 17, 2014. To date, plaintiffs have filed no amended complaint or complaints and appear to have abandoned these actions. This is not the first time plaintiffs have initiated litigation in this court and then failed to pursue it."); *Hambolu v. PCOF PM EQ, LLC*, No. 15-cv-2780-RS (N.D. Cal. Sept. 16, 2015) ("Like the highly-similar complaints dismissed on past occasions by courts in this district, plaintiffs' present pleadings fail to state any viable claim. They must therefore be dismissed.").

California," "Plaintiff has not prevailed in any," and, "[d]espite repeated warnings from judges in this district that Plaintiff's meritless theory of liability has been rejected, Plaintiff continues to file lawsuits premised on the same allegations"); *cf. Stone v. Baum*, 409 F. Supp. 2d 1164, 1171 (D. Ariz. 2005) (in the Rule 11 context, stating that, "[b]ecause the action filed here involves the same parties and the same transactional nucleus of facts as the prior suits and it seeks to relitigate issues that have been conclusively resolved in the prior suits, and because Plaintiffs have been repeatedly informed that such repetitive suits are barred by res judicata, there can be no conclusion except that Plaintiffs filed this case for an improper purpose, such as to harass Albertsons and/or cause Albertsons undue litigation costs").

Moreover, it is unlikely that other sanctions would be adequate to protect Defendants or the courts because any attempt to obtain and collect monetary sanctions from the unrepresented pro se like Mr. Hambolu would likely increase court proceedings and the financial burden on Defendants. Nor does it seem likely, in light of the litigation history here, that nonmonetary directives would deter Mr. Hambolu (and his mother) from continuing to harass Defendants and from abusing judicial resources. *See Patterson v. Goncalves*, No. C 14-01311 CRB, 2014 WL 4683222, at *4 (N.D. Cal. Sept. 19, 2014) (finding that monetary and nonmonetary sanctions would be unlikely to deter vexatious pro se litigant in light of Plaintiffs' harassing litigation history). Having considered alternative sanctions, a prefiling order is warranted to deter Mr. Hambolu's harassing actions and filings of frivolous claims.

4. <u>Narrowly Tailored</u>

The fourth and final factor requires that the prefiling order be narrowly tailored to the vexatious litigant's wrongful behavior. *See Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)).

As discussed above, Mr. Hambolu has brought multiple lawsuits before multiple judges in this District and in the Central District of California based on previously rejected facts and theories. Thus, the Court finds it appropriate to deem Mr. Hambolu a vexatious litigant and to

fashion a narrowly tailored prefiling order.

Accordingly, like his mother (Ms. Gavin), Mr. Hambolu must obtain leave of court before filing any further suits based on his allegations that he was wrongfully evicted from the Parkmerced apartments in 2012. The Clerk of this Court shall not accept for filing any further complaints filed by Mr. Hambolu or on behalf of Mr. Hambolu alleging any claims described herein until that complaint has first been reviewed by the general duty judge of this Court and approved for filing.

### III. CONCLUSION

For the foregoing reasons, Mr. Hambolu is hereby **DECLARED** a vexatious litigant. The Clerk of this Court shall not file or accept any further complaints filed by or on behalf of Mr. Hambolu alleging any claims of wrongful eviction from the Parkmerced apartment in 2012 unless and until that complaint has first been reviewed by the general duty judge of this Court and approved for filing. If Mr. Hambolu wishes to file a complaint alleging any such claims, he shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the general duty judge for a determination whether the complaint should be accepted for filing. Any violation of this Order will expose Mr. Hambolu to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

**IT IS SO ORDERED**.

Dated: May 8, 2017

_____
EDWARD M. CHEN
United States District Judge